ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MFP DEVELOPMENT, LLC<br><br>RECURRENTES<br><br>V.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTONOMO DE TOA ALTA<br><br>RECURRIDOS | KLRA202400048 | *REVISIÓN ADMINISTRATIVA* procedente del Municipio de Toa Alta<br><br>SOBRE:<br>ADJUDICACION DE SUBASTA INFORMAL |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2024.

Comparece, MFP Development, LLC (en lo sucesivo, "la parte recurrente"), mediante el recurso de revisión judicial de epígrafe. En su petitorio, solicita que revisemos la determinación notificada el 22 de enero de 2024 por la Junta de Subastas del Municipio de Autónomo de Toa Alta (en adelante, "Junta de Subastas."). En la referida determinación, la Junta de Subastas adjudicó el proceso de subasta informal del proyecto: "*reparación y reconstrucción Calle 2 Toa Alta Heights*"

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I.**

El 5 de diciembre de 2023, mediante correo electrónico, la Junta de Subastas solicitó cotizaciones a varios contratistas, a los efectos de celebrar un proceso de subasta informal. El objeto de dicha búsqueda de propuestas consistió en contratar unos servicios de reparación y reconstrucción para la calle 2 de la Urbanización Toa Alta Heights del Municipio de Toa Alta.

Así las cosas, el 21 de diciembre de 2023, la Junta de Subastas realizó la apertura de las ofertas recibidas. Surge de la aludida apertura, según los dichos de la Junta de Subastas, las ofertas que se muestran a continuación:

| Licitador | Proposición Sometida |
|---|---|
| MFP Development LLC | $1,687,019.22 |
| Sven LLC | $1,420,529.60 |
| MJC Contractor Services Corp. | $2,106,812.50 |
| Constructora López y Rivera Inc. | $2,304,350.00 |

En lo pertinente a la controversia que nos ocupa, el 22 de enero de 2024, la Junta de Subastas decidió otorgarle la buena pro a Sven LLC. Empero, dejó de exponer en la notificación de la referida adjudicación el derecho que tiene una parte afectada por la determinación de solicitar revisión judicial.

Inconforme, la parte recurrente, presentó ante nos el recurso de epígrafe y formuló los siguientes señalamientos de error:

**(A) COMETI[Ó] GRAVE ERROR LA JUNTA DE SUBASTA[S] DEL MUNICIPIO AUT[Ó]NOMO DE TOA ALTA QUE INVALIDA LA ADJUDICACI[Ó]N DE ESTA SUBASTA, POR SER UN ERROR CRASO DE DERECHO QUE VIOLENTA EL DEBIDO PROCEDIMIENTO DE LEY DE LA LICITADORA NO AGRACIADA COMPARECIENTE, AL EMITIR UNA NOTIFICACI[Ó]N, QUE NO INCLUYE LA INFORMACI[Ó]N Y AN[Á]LISIS B[Á]SICO Y NO INFORMA A LAS PARTES SU DERECHO A REVISAR LA DETERMINCI[Ó]N EN EL T[É]RMINO QUE ESTABLECE LA LEY, LO QUE REQUIERE UNA NOTIFICACI[Ó]N QUE CUMPLA CON EL DEBIDO PROCEDIMIENTO DE LEY, SEG[Ú]N ESTABLECIDO EN TORRES PRODS V. [SIC] JUNTA MUN. AGUADILLA, 169 DPR 886 (2007).**

**(B) COMETI[Ó] GRAVE ERROR LA JUNTA DE SUBASTA[S] DEL MUNICIPIO AUT[Ó]NOMO DE TOA ALTA QUE INVALIDA LA ADJUDICACI[Ó]N POR SER UN ERROR CRASO DE DERECHO QUE DEMUESTRA PREJUICIO Y PARCIALIADAD, AL ADJUDICAR LA SUBASTA A UN LICITADOR QUE NO CUMPLI[Ó] CON SOMETER LA DOCUMENTACI[Ó]N REQUERIDA EN LA INVITACIÓN, PARTICULARMENTE EL REGISTRO SAM.**

**(C) COMETI[Ó] GRAVE ERROR LA JUNTA DE SUBASTA[S] DEL MUNICIPIO AUT[Ó]NOMO DE TOA ALTA QUE INVALIDA SU ADJUDICACI[Ó]N POR SER UN ERROR CRASO DE DERECHO QUE DEMUESTRA PREJUICIO Y PARCIALIDAD, AL ADJUDICAR LA SUBASTA A UN PRECIO MAYOR AL LICITADO**

**ORIGINALMENTE POR EL LICITADOR AGRACIADO, SIN EXPLICACIÓN Y JUSTIFICACIÓN ALGUNA.**

**II.**

## A. Recurso prematuro

La jurisdicción es la autoridad que posee un tribunal para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE*, 189 DPR 877, 882 (2013); *CBS Outdoor v. Billboard One, Inc., et al.,* 179 DPR 391, 403-404 (2010). Cuando un Tribunal de Apelaciones carece de jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). De la misma forma, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *S.L.G. Szendrey- Ramos v. F. Castillo*, supra, págs. 883-884. Un recurso presentado prematura o tardíamente carece de eficacia y no produce ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 884. Ante esos casos, el tribunal desestimará la acción o el recurso y no entrará en los méritos de la cuestión ante sí. *Pérez López v. CFSE*, supra, pág. 883; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág. 883. Por último, es menester resaltar que la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o ante la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

## B. Notificación adecuada.

Es sabido que un licitador afectado por una adjudicación de la Junta de Subastas tiene derecho a instar un recurso de revisión judicial. Cónsono con lo anterior, el Artículo 1.050 del Código Municipal de Puerto

Rico, Ley Núm. 107-2020, según enmendada, 21 LPRA sec. 7081., dispone lo siguiente:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación […]

Señalamos, que el deber de notificación de las órdenes, sentencias y resoluciones está íntimamente atado a la administración de la justicia. *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24, 34 (1996). Ello, toda vez que, no solo se les advierte a las partes sobre la determinación emitida, sino que también se les brinda a las personas cuyos derechos pudieran ser transgredidos la oportunidad de elegir si utilizan o no los remedios provistos en la ley. *Íd.* A tono de ello, resulta indispensable que exista una notificación adecuada de la subasta adjudicada. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Así pues, para que una notificación se considere como adecuada deberá incluir "el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término." 21 LPRA sec. 7081.

De igual modo, es mandatorio que la adjudicación sea notificada a todos los licitadores, ya sea por correo certificado con acuse de recibo, o mediante correo electrónico. 21 LPRA sec. 7216. Asimismo, la Junta de Subastas tendrá el deber de incluir en su notificación las razones por las cuales no se adjudicó la subasta a favor de los licitadores no agraciados. 21 LPRA sec. 7216; *PR Eco Park et al. v. Mun. de Yauco,* supra, a la página 536. Cónsono, con lo anterior, la notificación debe estar fundamentada, toda vez que, la parte afectada por la determinación debe conocer las razones de la adjudicación para poder cuestionar su proceder. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 894 (2007).

La omisión de una notificación correcta y oportuna conlleva grandes consecuencias. *PR Eco Park et al. v. Mun. de Yauco,* supra, a la página 538. En específico, se violenta la cláusula de debido proceso de ley al no dotar a la parte afectada por la determinación del conocimiento adecuado para que pueda acudir en revisión judicial. *Íd.* Consecuentemente, el foro revisor queda privado de jurisdicción para atender el asunto impugnado. *PR Eco Park et al. v. Mun. de Yauco,* supra, a la página 538. Ello, dado que solo a partir del archivo de la notificación requerida es que comienza a transcurrir el término para solicitar revisión judicial. *IM Winne, Inc., v. Mun. de Guayanilla*, 151 DPR 30, 38 (2000). Por tanto, al referido término no decursar, el recurso instado adolecería de ser prematuro. *R Eco Park et al. v. Mun. de Yauco,* supra, a la página 538.

**III**.

En el caso ante nuestra consideración, el 22 de enero de 2024, la Junta de Subastas, notificó la adjudicación de la subasta objeto de este recurso. Oportunamente, el 30 de enero de 2024, la parte recurrente instó un recurso de revisión judicial. Sin embargo, la notificación de la determinación de la Junta de Subastas carece de los elementos necesarios exigidos para cumplir con una notificación adecuada. En particular, omite incluir el derecho de las partes a solicitar revisión judicial ante este Tribunal; el término para recurrir de la determinación; la fecha de archivo en auto de la copia de la notificación; y no incluye las razones por las cuales no se adjudicó la subasta a favor de los licitadores no agraciados. Además, es una notificación que carece de los suficientes fundamentos tanto: para que los licitadores no agraciados ejerzan eficazmente su derecho de revisión judicial, como para colocar a este Tribunal en la posición de llevar a cabo una correcta revisión de la adjudicación en cuestión.

Tal como fue expuesto, una notificación correcta protege los derechos de las partes de conocer la determinación emitida y de utilizar

los mecanismos dispuestos en ley para solicitar los remedios que estime procedentes. Una de las consecuencias de una notificación inadecuada es que no reúne los criterios estatutarios necesarios para nacer a la vida jurídica. Por tanto, no activa los términos dispuestos en nuestro ordenamiento jurídico para instar un recurso de revisión judicial. En consecuencia, nos vemos impedidos de revisar en sus méritos el recurso presentado. Ello, toda vez que, al no comenzar a decursar los términos para recurrir de la determinación en cuestión, cualquier recurso instado se convertiría en uno a destiempo. Ante ello, a pesar de que el recurrente presentó un recurso de revisión judicial dentro de los diez (10) días dispuestos en el Código Municipal de Puerto Rico, *supra*, la notificación inadecuada no fue suficiente para activar los términos de revisión judicial. Por tanto, el recurso de epígrafe adolece de ser prematuro. De emitirse una nueva notificación conforme a los parámetros mínimos establecidos, cualquier parte adversamente afectada podrá, de entenderlo pertinente, presentar un nuevo recurso de revisión.

**IV.**

Por los fundamentos expuestos, desestimamos el presente recurso por ser uno prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones